UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:19-CV-23140**

LESLIE RAMIREZ,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
A Bermuda Company,

    Defendant.
_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Leslie Ramirez ("Ramirez") hereby sues the Defendant, NCL (Bahamas) Ltd., A Bermuda Company ("NCL"), for damages and alleges as follows:

**INTRODUCTION, PARTIES, JURISDICTION, AND VENUE**

1. This maritime tort action emanates from NCL's negligent operation and maintenance of its vessel, the *Norwegian Sky*, and the resulting severe and permanent injuries suffered by Ramirez.

2. Ramirez is, and at all material times was, a citizen of the State of Florida.

3. NCL is, and at all material times was, a foreign, for-profit corporation existing and operating under the laws of Bermuda. Its headquarters and principal place of business are in Miami-Dade County, Florida.

4. Pursuant to 28 U.S.C. § 1333, this Court possesses subject matter jurisdiction because this action arises under federal maritime law. Alternatively, pursuant to 28 U.S.C. § 1332,

this Court possesses diversity jurisdiction because the matter in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district and division because NCL resides in the district and a contract between the parties mandates that this action be brought "before the United States District Court for the Southern District of Florida in Miami, Florida."

6. Ramirez has satisfied all conditions precedent to the commencement of this action.

## GENERAL ALLEGATIONS

7. NCL owns and operates the *Norwegian Sky*, a maritime passenger vessel.

8. After paying for passage on its *Norweigan Sky* cruise ship, NCL issued Ramirez a ticket identified by number 38694047.

9. On or about September 28, 2018, Ramirez lawfully boarded NCL's *Norwegian Sky* cruise ship in Miami, Florida to embark on three (3) day Bahamas cruise.

10. After boarding, Ramirez was walking along one of the ship's outdoor walkways to the aft on the narrow passageway located on the starboard side of Deck 12 to watch the ship sail off (the "Subject Walkway").

11. At all material times, an unmarked metal pipe extended into the Subject Walkway causing an edge to protrude an unsafe distance above the walkway floor, which concealed created a perilous, unsafe and dangerous walkway. There were no warnings posted or barriers placed around this hidden defect located on the Subject Walkway

12. As Ramirez made a right turn towards the port side of the ship (towards the pinnacle lounge and sushi bar), the Subject Walkway was so congested with passengers that Ramirez was not able to see the protruding metal pipe that she impacted causing her to fall and suffer serious

permanent injuries to her right thigh, left ankle, left thigh, left shoulder and left elbow as well as other damages.

## COUNT I – NEGLIGENCE

13. Ramirez repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

14. At all material times, Ramirez was lawfully present on the subject premises aboard the *Norwegian Sky*.

15. At all material times, NCL, through its agents, employees, representatives or others over whom it exercised control, owed a non-delegable duty to its passengers, invitees, guests and all those lawfully on the subject premises, including Ramirez, to exercise reasonable and ordinary care to protect them from reasonably foreseeable dangerous and hazardous conditions and to keep and maintain the subject premises in a condition reasonably safe for their use.

16. At all material times, NCL created and maintained a dangerous and defective walkway by unreasonably placing or installing a protruding metal pipe directly in the path of passengers and others lawfully using the Subject Walkway.

17. At all material times, NCL possessed actual or constructive knowledge of the protruding pipe and the dangerous walkway to which it subjected Ramirez and NCL passengers. NCL should have taken action to maintain the walkway in a reasonably safe condition, but failed to do so. NCL should have also taken action to warn Ramirez and NCL passengers about the protruding pipe, but failed to do so.

18. NCL's non-delegable duty to provide reasonably safe premises to Ramirez establishes direct liability for the negligence of any person or entity under NCL's control, whether direct or indirect, including NCL's employees, agents, consultants and independent contractors, to whom the performance of the duty may have been delegated.

19. NCL is also vicariously liable for the negligent actions or omissions of all persons or entities under NCL's control, either direct or indirect, or NCL's employees, agents, consultants and independent contractors, whether in-house or outside entities, or individuals, which maintained or operated the subject premises.

20. To the extent any person or entity under NCL's control, including NCL's employees, agents, consultants or independent contractors committed any of the negligent actions or omissions described in this Complaint, NCL remains liable for their negligence under the theory of non-delegable duty.

21. At all material times, NCL, by and through its agents, servants, employees or independent contractors, breached its non-delegable duty of care to provide its passengers and invitees including, Ramirez, with reasonably safe premises and acted in a careless and negligent manner through the following acts of omission or commission:

   a. Failing to safely and properly construct and maintain the Subject Walkway;

   b. Creating or allowing a concealed hazard to exist on the ship's deck;

   c. Failing to remedy a hazardous condition about which it had or should have had knowledge;

   d. Failing to properly and adequately warn Ramirez of a dangerous, concealed or hazardous condition on the premises that it knew or should have known to exist;

   e. Failing to ensure that maintenance and upkeep procedures were in place and complied with to prevent the pipe from protruding into the walkway or, alternatively, marking the pipe as a hazardous condition;

   f. Failing to place barriers around the Subject Walkway ramp to protect passengers and invitees from this tripping hazard;

    g. Failing to reasonably modify the design of the pipe or remove it entirely in order to eliminate the unreasonably hazardous condition that it created on the Subject Walkway;

    h. Failing to properly train and instruct employees on how to maintain the subject premises in a reasonably safe condition;

    i. Failing to identify dangerous conditions on the deck of the subject premises and make them safe;

    j. Failing to mark or identify the protruding pipe as a dangerous condition; and

    k. Other acts of negligence as determined through discovery.

22. At all material times, NCL knew or reasonably should have known that its negligent acts or omissions rendered the walkway unreasonably dangerous and, therefore, exposed its passengers and invitees to an unreasonable risk of harm.

23. As a direct and proximate result of the negligent acts or omissions of NCL, its employees, agents or independent contractors, Ramirez sustained serious and permanent injuries. Accordingly, NCL is directly and/or vicariously liable for her traumatic injuries.

24. As a direct and proximate result of NCL's negligence and carelessness, Ramirez suffered injuries to her head, body and extremities with resulting pain and suffering, disability, disfigurement, mental anguish, embarrassment, inconvenience, loss of capacity for the enjoyment of life, the expense of medical care, physical therapy and treatment, as well as all damages allowable under Florida law. The losses are either permanent or continuing in nature and Ramirez will continue to suffer these losses in the future.

**WHEREFORE**, Ramirez demands judgment against NCL for damages in excess of $75,000.00, plus costs and all other relief deemed just and proper. Ramirez also demands a trial by jury of all issues so triable.

Dated this 30th day of July, 2019.

Respectfully submitted,

**TIRADO-LUCIANO & TIRADO**
*Counsel for Plaintiff*
Gables International Plaza
2655 LeJeune Rd., Suite 1109
Coral Gables, Florida 33134
305-390-2320 - Telephone
305-390-2321 - Facsimile

By: */s/ Alex Tirado-Luciano         .*
ALEX TIRADO-LUCIANO, ESQ.
Florida Bar No.: 070894
atl@TLTirado.com